IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THERESA L. TRAUTWEIN, an individual, <br> 1840 Gillis Falls Road <br> Woodbine, MD 21797 | * | |
| Plaintiff, | * | |
| | | Case No. _____ |
| v. | * | |
| CHASE BREXTON HEALTH SERVICES, INC., <br> 1111 N. Charles Street <br> BALTIMORE, MD 21201, | * | |
| Defendant. | * | **JURY TRIAL DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW Plaintiff, THERESA L. TRAUTWEIN, by and through undersigned counsel, Paul R. Rivera, Attorney at Law, and for her Complaint against Defendant, hereby states as follows:

## PARTIES

1. Plaintiff, THERESA L. TRAUTWEIN, is an individual who, during all relevant times, resided in Woodbine, Maryland. She is and was protected by Title VII of the Civil Rights Act of 1964 and the non-discrimination provisions contained in the Annotated Code of Maryland. She is a member of a protected class on account of her religion, Roman Catholicism (Christianity).

2. Defendant CHASE BREXTON HEALTH SERVICES, INC. ("CBHS" or "Chase Brexton") is a Maryland corporation duly registered to conduct business in the State of Maryland, whose principal address is in Baltimore, Maryland. CBHS is an employer as defined by Title VII in that it employs more than fifteen (15) employees and at all times pertinent to this Complaint was Plaintiff's employer.

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*., and the non-discrimination provisions contained in the Annotated Code of Maryland. Plaintiff seeks damages for unlawful discrimination arising from adverse employment action taken against her by CBHS (and its employees and agents acting within the scope of their employment) due to her religion – Roman Catholic Christianity.

4. Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statues: a. 28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and, b. 28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States governments.

5. In accordance with 28 U.S.C. §1367, supplemental jurisdiction is proper with respect to Plaintiff's state law claims because these claims arise from the same case and controversy as Plaintiff's Title VII claims.

6. Plaintiff timely filed a timely inquiry and complaint (both on June 21, 2024) with the Equal Employment Opportunity Commission ("EEOC"), charge number 531-2023-00200, alleging discrimination by CBHC against her based on religion.

7. On September 18, 2024, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff has therefore exhausted her administrative remedies, and this Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.  Exhibit A.

8. Plaintiff has timely filed this action and complied with all administrative and procedural requirements necessary to file this lawsuit.

9. Venue is proper in the District of Maryland because of the events or omissions giving rise to the claims alleged herein occurred in this District, pursuant to 28 U.S.C. §1391.

10. CBHC is a Maryland entity and subject to personal jurisdiction in the District of Maryland because it has sufficient contacts with the forum to subject it to personal jurisdiction in this District.

## PLAINTIFF'S RELIGIOUS BELIEFS

11. Plaintiff is a devout Christian and member of the Roman Catholic religion.
12. Plaintiff is a faithful and involved member of the church, attending regularly with her family.

13. Plaintiff's faith informs how she lives out all aspects of her life, including how she acts and does her work for Defendant within the scope of her employment.
14. Plaintiff and her church believe that the Holy Bible is the inspired Word of God, and they also hold to several confessions that they believe faithfully summarize Biblical teachings.
15. Plaintiff believes, consistent with the teachings of the Bible and her church, that all humans are created in God's image and thus deserving of love and respect.
16. Plaintiff's belief in the sanctity of human life are based in large part upon what is written in the Holy Bible, such as in the following biblical passages:
    a. "So God created man in his own image, in the image of God created he him; male and female created he them." (Genesis 1:27, KJV);
    b. "For you formed my inward parts; you knitted me together in my mother's womb. I praise you, for I am fearfully and wonderfully made. Wonderful are your works; my soul knows it very well. My frame was not hidden from you, when I was being made in secret, intricately woven in the depths of the earth. Your eyes saw my unformed substance; in your book were written, every one of them, the days that were formed for me, when as yet there was none of them." (Psalm 139:13-16, ESV)
    c. "Then the word of the Lord came to me, saying, Before I formed thee in the womb I knew you. And before you were born I consecrated you; I appointed you a prophet to the nations." (Jeremiah 1:4-5, ESV)
    d. "Thou shalt not kill." (Exodus 20:13, KJV)
17. Plaintiff's sincerely-held religious beliefs and conviction inform her that human life is sacred and to be protected from the moment of conception up through and including natural death.
18. Accordingly, Plaintiff cannot participate in any medical procedure that involves the termination of the life of an unborn child (i.e., abortion) without violating her sincerely-held religious beliefs and convictions, including providing information and/or referrals to clinic patients for abortion providers and services. This is a conscientious objection that is protected by both state and federal law.
19. These and other beliefs - shared by Plaintiff and her church - are consistent with traditional biblically-based beliefs, traditions, and observances that billions of Christians have held for over two millennia.

## PLAINTIFF'S EMPLOYMENT WITH CBHC

20. Plaintiff began working for CBHC on or about December 18, 2018.

21. Throughout the course of her employment with CBHC, Plaintiff endeavored to hold herself to a high work ethic.

22. Throughout the course of her employment with CBHC, Plaintiff was repeatedly promoted to higher positions with greater responsibility and pay.

23. Plaintiff was able to serve many pregnant patients of CBHC throughout several years without violating her sincerely-held religious beliefs by simply asking colleagues to step in for her for a task that violates her conscience – i.e., providing information and/or referrals for abortion providers and services to abortion-minded clinic patients.

24. The foregoing practice accommodated Plaintiff's religious beliefs.

25. On August 28, 2023, Plaintiff communicated her written conscientious objection and request to be exempted from CBHC's "Pregnancy Test Workflow" which included the requirement to "Provide patient with additional information about pregnancy termination services." This was a request for a religious accommodation.

26. Following Plaintiff's message, CBHC denied this request for a religious accommodation in writing within twenty-two (22) minutes of receipt.

27. The following day, August 29, 2023, my Client was questioned regarding her religious beliefs and professional commitment to her employment duties by CHBC personnel in a meeting.

28. During that meeting, CHBC personnel pressured Plaintiff to immediately ("by the close of business" the same day) affirm her commitment to execute a workflow task that violated her sincerely-held religious belief and conscientious objection.

29. Plaintiff's request for more time to reply to this ultimatum was denied.

30. In addition to the foregoing ultimatum, CBHC personnel added that unless Plaintiff capitulated, that she would need to give a two-week notice of her resignation or else be subject to disciplinary measures.

31. At the conclusion of that meeting, Plaintiff was directed to take unsolicited time off that deviated from her established work schedule for the remainder of the day.

32. On the following day, August 30, 2023, CBHC personnel reaffirmed in writing the denial of my Plaintiff's request for a religious accommodation, and further wrote that Plaintiff's failure

to timely respond to the "close of business" ultimatum constituted Plaintiff's "agreement" to follow the workflow that violated her sincerely-held religious belief.

33. This was despite the fact that Mrs. Trautwein was off duty on unsolicited time off for the remainder of August 29th, and thereafter on previously scheduled personal time off until September 5, 2023.

34. The foregoing actions taken by CBHC against Plaintiff were neither unintentional nor accidental, rather they were deliberately taken against her with knowledge of her religious beliefs and directly on account of those beliefs.

35. CBHC made no effort whatever to accommodate Plaintiff's sincerely-held religious belief, in addition to pressuring her to immediately choose between keeping her job or violating her religious conscience.

36. Such actions by an employer against an employee were a violation of Plaintiff's civil rights, under both state and federal law.

37. By denying Plaintiff's religious accommodation, CBHC imposed adverse employment actions including but not limited to: pressure to compromise religious beliefs; prevention from completion of employment duties; compulsory and involuntary time off from established work schedule; threatening disciplinary action;

38. Plaintiff was intimidated, bullied, harassed, and ultimately suffered adverse employment actions for refusing to violate her sincerely held religious beliefs.

39. There were multiple reasonable accommodations that might have made to Plaintiff under the circumstances, including the most obvious reasonable accommodation – to simply continue the pre-existing practice of allowing Plaintiff to refrain from providing referral information to CBHC patients, and for another CBHC employee to provide such information.

40. Defendant's adverse employment actions against Plaintiff had a damaging effect on her emotionally, physically, and financially.

41. The sincerity of Plaintiff's religious beliefs is demonstrated by her willingness to suffer adverse employment actions from her employer for a job, one which she enjoyed and needed to help support her family, in order to follow what she sincerely believes to be God's mandates and direction.

42. Defendant had in place policies and procedures that specifically prohibited and required

Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant.

43. Defendant's manager, officer, and/or agent was aware of Defendant's policies and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment/hostile work environment against and upon employees of Defendant.

44. Furthermore, Defendant's manager, officer, and/or agent maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities.

45. However, Defendant's manager, officer, and/or agent chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.

46. Defendant and its managers, officers, and/or agents aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.

## COUNT 1 - RELIGIOUS DISCRIMINATION- FAILURE TO ACCOMMODATE - TITLE VII

47. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

48. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et. seq states: (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such a person…; (f) The term "employee" means an individual employed by an employer… (j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

49. U.S.C. Section 2000e-2 entitled **UNLAWFUL EMPLOYMENT PRACTICES** provides, in relevant part, as follows: (a) Employer practices **It shall be an unlawful employment**

6

**practice for an employer** – (1) to fail or refuse to hire or to **discharge any individual**, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…**religion.** (m) **Impermissible consideration** of race, color, **religion**, sex, or national origin in employment Practices.

50. A religious discrimination claim under Title VII requires that (1) the Plaintiff has a bona fide religious belief that conflicts with an employment requirement; (2) the Plaintiff informed the employer of this belief; and (3) the Plaintiff was disciplined or threatened with discipline for failure to comply with the conflicting employment requirement.
51. Plaintiff has a bona find religious belief, she informed the employer of her belief, and she was threatened with discipline for her failure to comply with work policy that violated her religious beliefs.
52. Defendant, upon information and belief, has employed more than fifteen (15) employees for all relevant periods and is a covered employer subject to Title VII.
53. Plaintiff, was a covered employee of the Defendant for all relevant periods herewith.
54. Plaintiff promptly asked for an accommodation and made it known that her religious beliefs would not permit her to comply with work policy requiring her to refer clinic patients for abortions.
55. Rather than offering a reasonable accommodation, meaningful due process, or other respectful consideration of Plaintiff's religious beliefs whatsoever, Defendant immediately denied the accommodation and threatened to take, and did in fact take, adverse employment action against Plaintiff.
56. Plaintiff had the right under Title VII to have her sincerely held religious beliefs accommodated absent a showing of a substantial burden to the employer.
57. The Defendant did not, and on information and belief cannot, show that accommodating the Plaintiff was so much of a burden or hardship as to make it unreasonable or impossible under the applicable legal standard.
58. The actions of the Defendant constitute unlawful employment practices which are in violation of Title VII.
59. Under Title VII, it is unlawful for an employer to discharge a person or "to discriminate against any person with respect to his compensation, terms, conditions, or privileges of

employment" because of a person's "religion." 42 U.S.C. § 2000e-2. A person's religion "includes all aspects of religious observance and practice, as well as belief." Id at § 2000e.

60. Plaintiff was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She is a Roman Catholic Christian.

61. Defendant subjected Plaintiff to an adverse employment action in that she was made to choose between her faith and maintaining her position with CBHC.

62. Defendant's adverse employment actions towards Plaintiff were substantially motivated by her religion.

63. Defendant's discriminatory actions violated Plaintiff's rights not to suffer discrimination on account of her religion pursuant to 42 U.S.C § 2000e-2.

64. Title VII of the Civil Rights Act prohibits employers from discriminating against employees due to their religion.

65. The actions complained of herein constitute religious discrimination.

66. When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice. 42 U.S.C. 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." *Id.*

67. By failing and refusing to provide Plaintiff a religious accommodation, Defendant discriminated against her, taking multiple forms of adverse employment actions against her.

68. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss.

69. As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

70.  Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

71. As a direct result of the actions of the Defendant's unlawful employment practices in violation of Title VII, the Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

72. Plaintiff is entitled to the maximum damages allowable under Title VII as a matter of law, including, but not limited to: actual, consequential and incidental financial losses; lost wages, backpay, front pay, benefits, and other compensation plus interest; compensatory damages; punitive damages; nominal damages; restoration of vacation days, comp hours and any lost time hours; reasonable attorneys' fees and costs of suit.

73. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## COUNT 2 - RELIGIOUS DISCRIMINATION - FAILURE TO ACCOMMODATE - Ann. Code Md., State Government §20-601 *et seq*.

74. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

75. *It is unlawful for an employer to discharge a person, "or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of a person's "religious creed. A person's religious creed includes "all aspects of religious belief, observance, and practice."* Ann. Code Md., State Government §20-601 *et seq*.

76. Plaintiff was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She is a Roman Catholic Christian.

77. Defendant's discriminatory actions are in violation of Plaintiff's rights pursuant to Ann. Code Md., State Government §20-601 *et seq*., not to suffer discrimination on account of her religion.

78. At all times herein mentioned, Ann. Code Md., State Government §20-601 *et seq*. was in full force and effect and was binding on Defendant.

79. When faced with requests for religious accommodation, employers are obligated to explore any available reasonable alternative means of accommodating the religious belief or observance.

80. Protected religious belief or observance includes "all aspects of religious belief, observance, and practice."

81. Despite Plaintiff notifying Defendant of her need for religious accommodation, Defendant utterly failed to comply with legal obligations both to explore available reasonable alternative accommodations, and to implement a religious accommodation.

82. By failing and refusing to provide Plaintiff a religious accommodation, Defendant discriminated against her by imposing adverse employment action.

83. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities with Defendant, and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to applicable law providing for prejudgment interest.

84. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

85. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire an attorney to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under applicable law.

86. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## COUNT 3 – VIOLATION OF "MARYLAND CONSCIENCE STATUTE"
### (Ann. Code of Maryland, Health-General Article, § 20-214)

87. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

88. Ann. Code of Maryland, Health-General Article, § 20-214 states as follows:
"Refusal of person or hospital to perform or participate in procedures. (a)(1) A person may

not be required to perform or participate in, or refer to any source for, any medical procedure that results in artificial insemination, sterilization, or termination of pregnancy. (2) The refusal of a person to perform or participate in, or refer to a source for, these medical procedures may not be a basis for: (i) Civil liability to another person; or (ii) Disciplinary or other recriminatory action against the person."

89. Plaintiff refers to the foregoing provision of state law as "Maryland's Conscience Statute."

90. By failing and refusing to provide Plaintiff a religious accommodation, Defendant discriminated against her by imposing adverse employment action in violation of the Maryland Conscience Statute.

91. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities with Defendant, and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to applicable law providing for prejudgment interest.

92. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

93. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire an attorney to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under applicable law.

94. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### COUNT 4 – VIOLATION OF THE BALTIMORE COUNTY CODE, CHAPTER 29 RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE –

95. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as though

fully set forth herein.

96. The Baltimore County Code, Chapter 29, states in pertinent part as follows:

> **§ 29-1-101. -  (d)** *Discrimination.* "Discrimination" means acting or failing to act or unduly delaying an action regarding a person because of the person's race, ***creed, religion***, color, sex, age, national origin, marital status, sexual orientation, gender identity or expression, status as a veteran, or physical or mental disability, in a way that the person is adversely affected in the areas of:(1) Housing; ***(2) Employment***; (3) Education; (4) Public accommodation; or (5)Financing. (emphasis added)…..
> **§ 29-2-202. - PROHIBITIONS.** a) *Employer.* An employer may not engage in discrimination in: (1) Discharging a person; (2) Refusing to hire a person; (3) ***Acting against a person with respect to compensation or other terms and conditions of employment;*** or (4) The ***manner in which the employer limits, segregates, classifies, or assigns an employee.*** (emphasis added).

97. By failing and refusing to provide Plaintiff a religious accommodation, Defendant discriminated against her by imposing adverse employment action in violation of the Baltimore County Code, Chapter 29.

98. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities with Defendant, and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to applicable law providing for prejudgment interest.

99. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

100. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire an attorney to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under applicable law.

101. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### COUNT 5 – VIOLATION OF THE 1973 PUBLIC HEALTH SERVICE ACT (THE CHURCH AMENDMENT")
### (42 U.S.C. 300a et seq.)

102. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

103. The Public Health Service Act (specifically the "Church Amendment") codified at 42 U.S.C. 300a et seq., prohibits recipients of federal funds in various health programs from requiring healthcare providers to participate in abortion and sterilization procedures, if they object based on moral or religious convictions. It also forbids healthcare employers to make willingness or unwillingness to perform these procedures a condition of employment of their employees. It also protects the general conscience rights of individuals in federally funded health service programs, and prohibits entities that receive public health service funds from discriminating against applicants who decline to participate in abortions or sterilizations on account of religious beliefs or moral convictions.

104. Defendant is a federally-funded health service program and/or health provider as defined under The Church Amendment, or other applicable law.

105. Plaintiff is a protected person or protected healthcare provider as defined under The Church Amendment, or other applicable law.

106. By failing and refusing to provide Plaintiff a religious accommodation, and by imposing adverse employment action against her, Defendant violated the Church Amendment.

107. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities with Defendant, and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to applicable law providing for prejudgment interest.

108. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and

13

continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

109. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire an attorney to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under applicable law.

110. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

a) Enter preliminary and permanent injunctions prohibiting Defendant and its agents, officials, servants, employees, and any other persons acting on their behalf from enforcing Defendant's policies and practices that violate employees' sincerely-held religious beliefs;

b) Order all available injunctive relief, compelling Defendant to refrain from discrimination in the workplace; including requiring Defendant both to adopt adequate policies with respect to religious discrimination, accommodation, retaliation and harassment, and to provide training on these policies to managers and human resources professionals;

c) Order Defendant to take such affirmative action as is necessary to purge Plaintiff's personnel file of any reference to the punishment they imposed on her, and to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect employment opportunities with Defendant or other potential employers;

d) Award compensatory economic damages for Plaintiff's actual, consequential and incidental financial losses, including, but not limited to lost backpay, front pay, benefits, and other compensation plus interest;

e) Restore any vacation days, comp hours, and lost time hours used by the Plaintiff;

f) Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial;

g) Order Defendant to pay prejudgment interest;

h) Order Defendants to pay punitive damages sufficient to make an example of and to punish Defendants;

i) Order Defendant to pay Plaintiff's reasonable attorney's fees and costs; and

j) Grant such further relief to Plaintiff as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted,

_____
Paul R. Rivera, Esq.
Paul R. Rivera, Attorney at Law
P.O. Box 394
Rockville, MD 20848
(301) 949-6367
*law.rivera@gmail.com*
Federal Bar ID# 15364
Attorney for Plaintiff

December 17, 2024

Case 1:24-cv-03650-ABA    Document 1    Filed 12/17/24    Page 16 of 16