**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

THERESA L. TRAUTWEIN,

     *Plaintiff,*

v.

CHASE BREXTON HEALTH SERVICES, INC.,

     *Defendant*

No. 24-cv-3650-ABA

**MEMORANDUM OPINION**

Plaintiff Theresa Trautwein alleges that her employer, Chase Brexton Health Services ("CBHC" or "Defendant") failed to accommodate her religious beliefs by requiring her to provide information about abortion to patients. The Court does not reach the question of whether CBHC discriminated against Ms. Trautwein on the basis of her religious beliefs because a threshold requirement for proceeding on an employment discrimination claim—an adverse employment action—has not been pled in the complaint. For that reason, and others stated below, the Court will grant the motion to dismiss.

**BACKGROUND[1]**

Plaintiff is "a devout Christian and member of the Roman Catholic religion," and has a sincerely-held religious belief "that human life is sacred and to be protected from the moment of conception" and that she "cannot participate in any medical procedure

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

that involves the termination of the life of an unborn child (i.e., abortion) without violating her sincerely-held religious beliefs." ECF No. 1 ¶¶ 11, 17–18. Plaintiff began working for Defendant on December 18, 2018 in positions that have required her to "serve many pregnant patients." *Id.* ¶¶ 20, 23.

Plaintiff alleges that on August 28, 2023, she requested a religious accommodation "to be exempted from CBHC's 'Pregnancy Test Workflow[,]' which included the requirement to 'Provide patient with additional information about pregnancy termination services.'" *Id.* ¶ 25. CBHC denied the accommodation request. *Id.* ¶ 26. Plaintiff alleges that the next day she was questioned at work regarding her beliefs and was pressured to "affirm her commitment to execute a workflow task that violated her sincerely-held religious belief," and to do so by the end of the day. *Id.* ¶¶ 27–28. She requested, but was denied, additional time to reply. *Id.* ¶ 29. Plaintiff alleges that she was also told that "unless [she] capitulated, that she would need to give a two-week notice of her resignation or else be subject to disciplinary measures." *Id.* ¶ 30. Plaintiff further alleges that "[a]t the conclusion of that meeting, [she] was directed to take unsolicited time off that deviated from her established work schedule for the remainder of the day." *Id.* ¶ 31. The complaint does not state whether the time off was paid or unpaid. Plaintiff "was off duty on unsolicited time off for the remainder of August 29th, and thereafter on previously scheduled personal time off until September 5, 2023." *Id.* ¶ 33.

On August 30, 2023, "CBHC personnel reaffirmed in writing the denial of [the] request for a religious accommodation, and further wrote that Plaintiff's failure to timely respond to the 'close of business' ultimatum constituted Plaintiff's 'agreement' to follow the workflow that violated her sincerely-held religious belief," despite the fact

that she was on personal leave at the time. *Id.* ¶¶ 32–33. The complaint does not allege that Plaintiff performed the objected-to task after she returned to work or that her position with Defendant was terminated.

Plaintiff filed her complaint on December 17, 2024. *Id.* The complaint contains five counts, all of which allege a failure to accommodate Plaintiff's religious beliefs: Count 1 alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq* ( "Title VII"), Count 2 alleges a violation of the Maryland Fair Employment Practices Act, Md. Code, State Gov't §§ 20-601, *et seq.* ("MFEPA"), Count 3 alleges a violation of Md. Code, Health-Gen. § 20-214 ("Conscience Clause"), Count 4 alleges a violation of the Baltimore County Code, Chapter 29, and Count 5 alleges a violation of the Public Health Service Act, 42 U.S.C. § 300a-7 (the "Church Amendments"). *Id.* Defendant filed a motion to dismiss all counts, to which Plaintiff responded and Defendant replied. ECF Nos. 8, 12, 13.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As stated, when considering such

a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

## DISCUSSION

As stated, Plaintiff's complaint contains five counts. They all allege a failure to accommodate Plaintiff's religious beliefs. In its motion, Defendant discusses each count, but Plaintiff in her response argues generally that the allegations in the complaint, "however labeled, allow this Court to draw the reasonable inferences that Defendant imposed discipline against her and . . . adverse employment actions against her as well." ECF No. 12 at 2. It appears that Plaintiff is of the opinion that all five counts require the same analysis in connection with Defendant's motion. This is largely correct, but the Court will address the claims separately.

### A.    Counts 1 and 2 (Title VII and MFEPA)

The MFEPA "is the state law analogue of Title VII and its interpretation is guided by federal cases interpreting Title VII." W*illiams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 408 n.1 (D. Md. 2015) (citing *Haas v. Lockheed Martin Corp.*, 396 Md. 469 (2007)). Thus, the Court considers Counts 1 and 2 together. Title VII makes it unlawful for covered employers "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). In the context of this case, that means such employers must "'make reasonable accommodations to the religious needs of employees' whenever that would not work an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 457 (2023) (quoting 29 C.F.R. § 1605.1 (1968)). A discrimination claim under § 2000e-2(a)(1) arises only where an

4

employment action has "brought about some 'disadvantageous' change in an employment term or condition." *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354 (2024). This requires that the employee have suffered "some harm respecting an identifiable term or condition of employment," *id.* at 354–55, or as the Fourth Circuit has put it post-*Muldrow*, a "'disadvantageous change' in employment status." *Herkert v. Bisignano*, 151 F.4th 157, 165 (4th Cir. 2025) (quoting *Muldrow*, 601 U.S. at 354).

Ms. Trautwein argues that she was harmed when she was questioned regarding her religious beliefs, ECF No. 1 ¶ 27, was pressured to immediately affirm her commitment to executing the workflow task, *id.* ¶ 28, was denied more time to consider the ultimatum, *id.* ¶ 29, was threatened that if she did not agree she would need to give two weeks' notice or else be subject to discipline, *id.* ¶ 30, was forced to take the rest of August 29 off, *id.* ¶ 31, and was told that failure to timely respond would constitute agreement, even though she was on personal leave at the time, *id.* ¶¶ 32–33. But even after *Muldrow*, Plaintiff must show "some harm respecting an identifiable term or condition of employment." 601 U.S. at 354–355. The only acts that arguably could affect the terms and conditions of her employment are being forced to take off time and being threatened with discipline.

Although Plaintiff does allege that she was forced to go home early on August 29, 2023, she does not allege that such leave was without pay or that such (presumably paid) leave caused any detriment to the terms and conditions of her employment. Thus, the partial-day paid leave does not constitute an adverse employment action. *See Downer v. Prince George's Cnty. Bd. of Educ.*, No. 21-cv-1618-BAH, 2024 WL 3277563, at *19 (D. Md. July 2, 2024) ("The Court agrees with Defendant that Plaintiff's placement on paid administrative leave was not an adverse action."); *Credle v. Virginia*

*Cmty. Coll. Sys.*, Case No. 24-cv-233-DJN, 2025 WL 27827, at *8 (E.D. Va. Jan. 3, 2025) (granting a motion to dismiss because "placing Plaintiff on paid administrative leave" did not "constitute an adverse employment action for purposes of a Title VII discrimination claim" even though such leave "caus[ed] Plaintiff to miss out on a potential, discretionary bonus").

Plaintiff comes closer to alleging an adverse employment action when she states that she was told "that unless Plaintiff capitulated . . . she would need to give a two-week notice of her resignation or else be subject to disciplinary measures." ECF No. 1 ¶ 30. But Plaintiff does not allege that she was terminated, or was placed on unpaid leave, or that she resigned, or that she suffered any other adverse consequence; she was "on previously scheduled personal time off" starting the next day (August 30) and through September 5, 2023, and it appears from the complaint that she returned to work thereafter. *Id.* ¶ 33. "In general, the mere threat of discipline is not an adverse action unless it actually leads to alterations in the terms and conditions of employment." *Aly v. Yellen*, Case No. 23-cv-01699-AAQ, 2024 WL 2053492, at *6 (D. Md. May 8, 2024) (quoting *Gaines v. Balt. Police Dep't*, 657 F. Supp. 3d 708, 740 (D. Md. 2023)); *see also Patterson v. Virginia Dep't of Corr.*, Case No. 23-cv0757-DJN, 2024 WL 1704669, at *5 (E.D. Va. Apr. 19, 2024) ("The threat of termination, standing alone, does not constitute an adverse employment action in the Fourth Circuit.") (citing *Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 574–75 (4th Cir. 2023)).

Because Plaintiff has not alleged an actionable adverse employment action, Counts 1 and 2 will be dismissed. The dismissal will be without prejudice, to permit Plaintiff to file an amended complaint in the event there are allegations of a cognizable

adverse employment action that she contends arose and that were not pled in her current complaint.

## B.    Count 3 (Conscience Clause)

Md. Code, Health-Gen. § 20-214, known as a Conscience Clause, provides that "[a] person may not be required to . . . refer to any source for . . . any medical procedure that results in . . . termination of pregnancy" and that "[t]he refusal of a person to . . . refer to a source for . . . these medical procedures may not be a basis for . . . disciplinary or other recriminatory action against the person." Md. Code, Health-Gen. § 20-214(a). It is unclear whether that statute creates a private right of action, but the Court need not decide that question because, in any event, Plaintiff has not alleged that she was subjected to a "disciplinary or other recriminatory action" for the same reasons that she has not alleged that she was subjected to an adverse employment action. Thus, Count 3 will be dismissed without prejudice.

## C.    Count 4 (Baltimore County Code)

Baltimore County Code section 29-2-202 prohibits "discrimination" by an employer in "[a]cting against a person with respect to compensation or other terms and conditions of employment." Baltimore County Code § 29-2-202(a)(3). Plaintiff alleges that Defendant violated this code provision by failing to accommodate her religious exemption request. ECF No. 1 ¶ 97. The Court has found no case law discussing religious accommodations in connection with section 29-2-202. But, for the same reasons as Counts 1 through 3, the Court will dismiss Count 4 without prejudice.

## D.    Count 5 (Church Amendments)

Finally, Defendant contends Count 5 should be dismissed because there is no private right of action under 42 U.S.C. § 300a-7, known as part of the Church

Amendments (named after former Senator Frank Church). Plaintiff does not address this argument. Section 300a-7 provides in relevant part that "[n]o entity" that "receives a grant . . . under the Public Health Service Act . . . may . . . discriminate in the employment . . . of any physician or other health care personnel . . . because he refused to perform or assist in the performance of [a sterilization] procedure or abortion on the grounds that" it "would be contrary to his religious beliefs." 42 U.S.C. § 300a-7(c)(1).

The Court will dismiss Count 5 with prejudice because "Section 300 does not confer. . . a private right of action." *Cenzon-DeCarlo v. Mount Sinai Hosp.*, 626 F.3d 695, 699 (2d Cir. 2010); *see also Vermont All. for Ethical Healthcare, Inc. v. Hoser*, 274 F. Supp. 3d 227, 240 (D. Vt. 2017) ("The provision does not explicitly create a private right of action. Nor is there an appropriate basis for finding that Congress intended to create a cause of action by implication."); *Hellwege v. Tampa Fam. Health Centers*, 103 F. Supp. 3d 1303, 1312 (M.D. Fla. 2015) ("[T]he Court has determined that Congress did not intend to confer a private right of action in the Church Amendments."); *Anspach v. City of Philadelphia*, 630 F. Supp. 2d 488, 497 (E.D. Pa. 2008), *aff'd*, 380 F. App'x 180 (3d Cir. 2010) ("[I]n enacting [42 U.S.C. §§ 300, *et. seq.*] Congress had no intention of conferring a private right of action."); *Nead v. Bd. of Trs. of E. IL Univ.*, Case No. 05-cv-2137, 2006 WL 1582454, at *5 (C.D. Ill. June 6, 2006) ("The defendants argue that the Church Amendment does not confer a private right of action. The defendants are correct; it does not.").

## CONCLUSION

Plaintiff has failed to adequately allege that she was disciplined or was otherwise subject to an adverse employment action, which is necessary to maintain her claims.

Thus, Counts 1 through 4 will be dismissed without prejudice. Count 5 will be dismissed with prejudice.

A separate order follows.


Date:  March 3, 2026                                  _____/s/_____
                                                     Adam B. Abelson
                                                     United States District Judge